UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ELIJAH JACKSON, by and through his parent and legal guardian, JULIE JACKSON and JULIE JACKSON individually,

Plaintiffs,

v.

SUFFOLK COUNTY, SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, EAST END DRUG TASK FORCE, TOWN OF SOUTHOLD, SOUTHOLD TOWN POLICE DEPARTMENT, KENNETH D. RICHERT, AND JOHN DOES 1-3

Defendants.

---

**HON. JOSEPH F. BIANCO**

**Case No. 13 cv 394 (JFB-WDW)**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Julie Jackson, individually, and on behalf of Elijah Jackson, a minor, by and through their undersigned counsel, for their Complaint against Defendants, Suffolk County, Suffolk County District Attorney's Office, East End Drug Task Force, Town of Southold, Southold Police Department, Kenneth D. Richert and John Does 1-3, allege as follows:

## NATURE OF THE ACTION

1. This is a civil rights action to recover money damages arising out of Defendants' violation of Plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983 and 1988, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs, while lawfully present in their home located at 8100 Main Road, Hamlet of East Marion, Southold, New York, were subject to an unconstitutional and unlawful search of their home by Defendants. Plaintiffs were deprived of their constitutional and common law rights when Defendants unlawfully entered Plaintiffs' home without a search warrant and unlawfully confined Plaintiffs. Plaintiff Julie Jackson was further subjected to an unlawful arrest

when Defendants unlawfully arrested her without an arrest warrant or probable cause. Plaintiff Julie Jackson was then unlawfully detained and Defendants unlawfully initiated and maintained a malicious prosecution against Plaintiff Julie Jackson. Defendants did all of the above in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1343(a) (3) and (4) and the aforementioned statutory and constitutional provisions.

3.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District and the claims arose in this district.

## THE PARTIES

4.      Plaintiff Julie Jackson is a citizen of the United States and a resident of the County of Suffolk, Town of Southampton and State of New York.

5.      Plaintiff Elijah Jackson, a minor, is a citizen of the United States and a resident of the County of Suffolk, Town of Southampton and State of New York. Plaintiff Julie Jackson is his parent and guardian.

6.      Southold Town Police Officers Kenneth D. Richert, Shield # 78 and Detectives John Does # 1-3, ("Defendant Officers"), all of whose names are known to Defendants Suffolk County ("County"), Suffolk County District Attorney's Office ("SCDAO"), Town of Southold ("Town") and Southold Town Police Department ("Police Department"), were police officers in the Town and Police Department and members of the SCDAO's East End Drug Task Force

acting in their official and individual capacities and were employed by Defendants acting under the direction of Defendants are and were at all times relevant herein officers, employees, and agents of the County, SCDAO, Town and Police Department.

7.      Defendant Officers are being sued in their individual and official capacities.

8.      At all times relevant herein, the individual Defendant Officers were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the County, Town and/or Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. On information and belief, they were acting for and on behalf of the EEDTF and the Southold Town Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the EEDTF and the Southold Town Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the EEDTF and the Southold Town Police Department.

9.      Defendant Suffolk County is a municipal entity created and authorized under the laws of the State of New York.  It is authorized to maintain a district attorney's office that acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant Suffolk County assumes the risks incidental to the maintenance of a district attorney's office.

10.     Defendant Suffolk County District Attorney's Office is an agency of Suffolk County. The District Attorney, assistant district attorneys, and police officers involved in the East End Drug Task Force are agents and employees of Suffolk County, which is legally responsible for torts they commit under color of state law.

11.     Defendant East End Drug Task Force ("EEDTF") is an agency that is operated and funded by the SCDAO. Suffolk County is legally responsible for torts committed by taskforce officers under color of state law.

12.     Defendant Town of Southold is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant Town of Southold assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the Southold Town Police Department.

13.     Defendant Southold Town Police Department is an agency of the Town of Southold. Southold Police Officers are agents and employees of the Town of Southold, which is legally responsible for torts they commit under color of state law.

**FACTS**

14.     On or about June 3, 2011, at approximately 6 a.m., Plaintiffs Julie Jackson and Elijah Jackson were lawfully present inside of their home located at 115 Broad Street, Greenport, New York.

15.     As Plaintiff Julie Jackson was in her bathroom in her undergarments, brushing her teeth and beginning to get ready for work, she heard a loud bang. A masked man then entered her home with a gun and a flashlight and told her to "drop everything and get down on the floor."

16.     Plaintiff Julie Jackson then asked the man "what is this about?" She was told to "shut up" and "get down on the floor."

17.     The man then identified himself as a "task force" officer and then proceeded to handcuff Julie Jackson and ask her who else was inside the home.

18. Plaintiff Julie Jackson then explained to the man that her 15-year old son, Plaintiff Elijah Jackson was in one bedroom and that her husband was in the other bedroom.

19. The officer then proceeded to kick Plaintiff Elijah Jackson's door in and place him in handcuffs. Jeffrey Jackson, husband of Julie Jackson and father of Elijah Jackson was then placed in handcuffs as well.

20. Plaintiff Julie Jackson, still handcuffed and in her underwear, then asked if she could get dressed or at least have a robe to put over her body. She was told to "shut up" and was left handcuffed, in her underwear, for more than one hour.

21. At approximately 7:15 a.m., Plaintiff Julie Jackson was dressed by a female police officer, but kept in handcuffs.

22. The officers continued to search Plaintiffs' house with dogs until approximately 8:30 a.m.

23. At approximately 8:30 a.m., Defendant Richert began screaming in Plaintiff Julie Jackson's face asking for the address where the "storage unit" where Jeffrey Jackson "kept his drugs." When Plaintiff Julie Jackson responded that she did not know, Defendant Richert and John Does 1-3 ("Defendant Officers") proceeded to destroy Plaintiffs' house and belongings room by room.

24. Defendant Officers spent the next several hours, until at least 11:30 am, trashing and destroying Plaintiffs' belongings, while keeping Plaintiffs in handcuffs.

25. Defendant Officers destroyed family heirlooms, including but not limited scratching, cracking and breaking antique glass and wooden bowls.

26. Defendant Officers threw Plaintiffs' food into Plaintiffs' driveway.

27. Plaintiff Julie Jackson was prohibited from using the bathroom and when she asked, Defendant Officers laughed at and mocked her.

28. Defendant officers put Jeffrey Jackson's jackets and hats on, and paraded around the house mocking and imitating him, laughing and taking pictures.

29. Defendant Officers ripped and destroyed important documents for no apparent reason.

30. When told that certain documents were needed for a mortgage application, Defendant Officers laughed and suggested that black people could not qualify for mortgages.

31. Defendant Officers made racially insulting and discriminatory statements to Plaintiffs.

32. On July 22, 2011, an attorney representing Jeffrey Jackson made a written complaint to the Police Department, complaining that the behavior of the Defendant Officers at Plaintiffs' home was abusive and destructive.

33. On or about February 17, 2012, Defendant Officers entered Plaintiffs' home at 8100 Main Road, East Marion, New York at approximately 6:30 a.m. Plaintiffs were both home at the time, as was Jeffrey Jackson.

34. Defendant Officers told Plaintiff Julie Jackson that they had a search warrant.

35. In fact, Defendant Officers did not have a search warrant or an arrest warrant.

36. Nonetheless, Defendant Officers proceeded to place Defendant Julie Jackson in handcuffs and search her home.

37. Defendant officers again made racially insulting and discriminatory statements to Plaintiff Julie Jackson.

38. Defendant officers arrested Plaintiff Julie Jackson without probable cause.

39. Plaintiff Julie Jackson was in custody for more than 24 hours before being released.

40. As a result of the false arrest, and as a result of the abuse by Defendants, Plaintiff Julie Jackson was hospitalized while in custody.

41. Plaintiff Julie Jackson was charged by information with criminal possession of a controlled substance in violation of Section 220.06(5) of the New York State Penal Law.

42. On or about November 30, 2012, all charges against Plaintiff Julie Jackson were dismissed with prejudice.

43. The false arrest, false imprisonment, and malicious prosecution of Plaintiff Julie Jackson by Defendants caused Plaintiffs to sustain psychological and emotional trauma.

44. As a result of the foregoing, Plaintiffs sustained, *inter alia,* loss of liberty, psychological and emotional trauma, embarrassment and humiliation, deprivation of their constitutional rights, deprivation of their constitutional rights of due process, deprivation of their constitutional privileges, immunities and equal protection under the laws of the United States and the Constitutions of the United States and the State of New York.

45. The acts complained of were carried out by the aforementioned Defendant Officers in their capacities as Town police officers, officials and members of the SCDAO's EEDTF pursuant to the customs, policies, usages, practices, procedures, and rules of the County, Town and Police Department, all under the supervision of ranking officers of said departments.

46. There is a policy, practice or custom within the SCDAO's EEDTF and the Southold Town Police Department, wherein officers target and harass African American individuals, often without any evidence of criminal conduct.

47. As a result of Defendants County, SCDAO and Town's deliberate indifference about the fact that East End Drug Task Force and Southold Police Officers routinely arrest individuals when the police officers know that the individuals never committed a crime, there is a pattern, policy, custom or practice of the EEDTF's and Southold Town Police Officers arresting individuals, particularly African Americans, without probable cause.

7

## FIRST CLAIM FOR RELIEF

*DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983*

51. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 50 with the same force and effect as if fully set forth herein.

52. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of the laws of the State of New York, Suffolk County and/or the Town of Southold.

53. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

54. The acts complained of were carried out by the Defendant Officers in their individual capacities and also in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

55. The acts complained of were carried out by Defendants, collectively and individually, in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of County, SCDAO, Town and Police Department, all under the supervision of ranking officers and supervisors of said entities and in violation of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

56. The acts complained of were carried out by the Defendant Officers, collectively and individually, in their capacities as police officers, negligently, recklessly, maliciously and with deliberate indifference to Plaintiffs' rights to due process and equal protection under the Fourth and Fourteenth Amendments to the United States Constitution.

57. The acts complained of are a direct result of Defendants County, SCDAO, Town and Police Department's negligent, reckless and deliberate failure to train and supervise its police personnel.

58. The acts complained of were carried out by Defendants, collectively and individually, in their individual capacities and also in their capacities as police officers, pursuant to customs, usages, practices, procedures, and rules of County, Town and Police Department that are designed to and in practice do deny equal protection and treatment under the law, thereby violating Plaintiffs' rights, privileges and immunities secured by the Fourteenth Amendment to the United Slates Constitution.

## SECOND CLAIM FOR RELIEF

*FALSE ARREST UNDER 42 U.S.C. § 1983*

59. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 58 with the same force and effect as if fully set forth herein.

60. As a result of Defendants' aforementioned conduct, Plaintiff Julie Jackson was subjected to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by Defendants in criminal proceedings, without any probable cause, privilege or consent.

61. As a result of the foregoing, Plaintiff Julie Jackson's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF

*MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983*

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 61 with the same force and effect as if fully set forth herein.

63. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff Julie Jackson.

64. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff Julie Jackson.

65. Defendants acted with malice in initiating criminal proceedings against Julie Jackson.

66. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff Julie Jackson.

67. Defendants lacked probable cause to continue criminal proceedings against Plaintiff Julie Jackson.

68. Defendants acted with malice in continuing criminal proceedings against Plaintiff Julie Jackson.

69. Notwithstanding the misconduct of Defendants, the criminal proceedings were terminated in Plaintiff Julie Jackson's favor on or about November 30, 2012, when all criminal charges against her were dismissed with prejudice.

70. As a result of the foregoing, Plaintiff Julie Jackson sustained, *inter alia,* loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of her constitutional rights.

## FOURTH CLAIM FOR RELIEF

*MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983*

71. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 70 with the same force and effect as if fully set forth herein.

72. Defendants issued legal process to place Plaintiff Julie Jackson under arrest.

73. Defendants arrested Plaintiff Julie Jackson in order to obtain a collateral objective outside the legitimate ends of the legal process.

74. Defendants acted with intent to do harm to Plaintiff Julie Jackson without excuse or justification.

75. As a result of the foregoing, Plaintiff Julie Jackson sustained, *inter alia,* loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of her constitutional rights.

## FIFTH CLAIM FOR RELIEF

*FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983*

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 75 with the same force and effect as if fully set forth herein.

77. Defendants intentionally confined, detained and restrained Plaintiff Julie Jackson.

78. Plaintiff Julie Jackson was conscious of her confinement, detention and restraint throughout such period.

79. Defendants confined, detained and restrained Plaintiff Julie Jackson against her will.

80. Defendants, arrested, confined, detained and restrained Plaintiff Julie Jackson without probable cause, thus Defendants' actions in doing so were not privileged in any manner.

81. As a result of the foregoing, Plaintiff Julie Jackson sustained, *inter alia,* loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of her constitutional rights.

## SIXTH CLAIM FOR RELIEF

*UNLAWFUL SEARCH AND SEIZURE*

82. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 81 with the same force and effect as if fully set forth herein.

83. Defendant Officers who were acting in concert and within the scope of their authority, unlawfully entered Plaintiffs' home, searched Plaintiffs' home and seized Plaintiff Julie Jackson without a warrant and without probable cause in violation of Plaintiffs' rights to be free of a unreasonable searches and seizures under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SEVENTH CLAIM FOR RELIEF

*MUNICIPAL LIABILITY*

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered 1 through 83 with the same force and effect as if fully set forth herein.

85. Defendants acted unlawfully in Plaintiff's home, entered Plaintiffs' home unlawfully and Defendants arrested and incarcerated Plaintiff Julie Jackson in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said conduct would jeopardize Plaintiffs' liberty, well-being, safety and constitutional rights.

86. Defendants ignored, refused and failed to seek exculpatory evidence that conclusively demonstrated Plaintiff Julie Jackson's innocence of the crimes for which Defendants arrested and incarcerated her.

87. The acts complained of were carried out by the aforementioned Defendant Officers in their individual capacities as well as their capacities as Town police officers, officials and members of the SCDAO's EEDTF, with all the actual and/or apparent authority attendant thereto.

88. The acts complained of were carried out by the aforementioned Defendant Officers in their capacities as Town police officers, officials and members of the SCDAO's EEDTF pursuant to the customs, policies, usages, practices, procedures, and rules of the County, Town and Police Department, all under the supervision of ranking officers of said departments.

89. The aforementioned customs, policies, usages, practices, procedures and rules of the County, Town and Police Department include, but are not limited to, the following unconstitutional practices: a) arresting innocent persons without probable cause; b) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; c) subjecting innocent persons to arrest and prosecution based solely on the whim of the police officers notwithstanding the complete lack of probable cause; and d) subjecting innocent persons to continued incarceration notwithstanding the complete lack of probable cause against the accused of any criminal wrongdoing; e) refusing and failing to take steps during the investigation phase to discover evidence that exonerates the accused of any criminal wrongdoing; and f) failing to use reasonable care in hiring, training and/or supervising police officers.

90. Prior to Plaintiff's arrest, policymaking officials at the County, SCDAO, Town and Police Department, with deliberate indifference to the constitutional rights of individuals suspected or accused of criminal activity, to the risk of arresting, prosecuting and convicting innocent people, and to the right of all criminal suspects and defendants to due process and a fair trial, implemented plainly inadequate policies, procedures, regulations, practices, customs, training, supervision, and discipline concerning: (a) the determination of probable cause to make an arrest or search a residence; (b) the appropriate behavior and professionalism for police officers executing a search warrant; and (c) respecting the constitutional rights of African American citizens in Greenport and other towns in eastern Suffolk County.

91. Indeed, the lack of sensitivity and respect for the civil rights of African Americans by Defendants in Greenport was reported in the news media many years prior to the conduct at issue in this case. *See, e.g., Police Brutality Claim Roils Southold*, New York Times, January 10, 1999; *Brutality Suit Targets Southold Cops*, New York Newsday, February 23, 2000.

92. In response, policymaking officials at the County, SCDA, Town and Police Department made no attempt to properly train their police personnel regarding sensitivity and the constitutional rights of African American citizens.

93. Under the principles of municipal liability for federal civil rights violations, the County, SCDA, Town and Police Department (or their authorized delegates), have final responsibility for training, instructing, supervising, and disciplining police personnel with respect to the investigation and prosecution of criminal matters, including civil rights and constitutional requirements.

94. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant County, SCDA, Town and Police Department were collectively and individually a substantial

factor in bringing about the aforesaid violations by the Individual Police Defendants of Plaintiffs' rights under the Constitution and laws of the United States.

95. The foregoing customs, policies, usages, practices, procedures and rules of the County, Town and Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

96. The foregoing customs, policies, usages, practices, procedures and rules of the County, Town and Police Department were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

97. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the County, Town and Police Department, Plaintiffs' home was illegally searched and damaged and Plaintiff Julie Jackson was falsely arrested and incarcerated on or about February 17, 2012.

98. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

99. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Defendants, as follows:

I. Compensatory damages in the sum of $2,000,000 against the Defendants, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the Defendants, jointly and severally.

II.   The cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

III.  That Plaintiffs have such other and further relief as the Court shall deem just and proper.


Dated: April 12, 2013

Sag Harbor, New York

                                  Respectfully submitted,
                                  KRIEGSMAN, P.C.

By:   *s/ Alex Kriegsman*_____
      Alex Kriegsman
      287 Main Street
      Sag Harbor, NY 11963
      Tel. No.: (631) 899-4826
      Fax No.: (631) 239-9216